Filed 3/14/25  P. v. Nnedum CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C100208 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-172434) |
| v. | |
| PETER CHIDUMEBI NNEDUM, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Peter Chidumebi Nnedum asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Nnedum was charged with committing in March 2020 first degree residential burglary of an inhabited dwelling (Pen. Code, §§ 459, 667.5, subd. (c)(21);[1] count one)

---

[1]     Undesignated statutory references are to the Penal Code.

1

and felony unlawful use of personal identifying information (§ 530.5, subd. (a); count two).  It was further alleged Nnedum had a prior strike (§§ 667, subds. (b)-(i), 1170.12) and a prior serious felony (§ 667, subd. (a)), both based on a 2019 first degree burglary conviction.

In October 2021, defense counsel declared a doubt as to Nnedum's competence to stand trial.  (§ 1367 et seq.)  The trial court suspended criminal proceedings and appointed a psychologist to evaluate Nnedum.  The psychologist opined Nnedum was competent to stand trial.  In December 2021, the trial court found Nnedum competent to stand trial and reinstated criminal proceedings.

In March 2022, Nnedum pled no contest to all charges and admitted the prior strike and prior serious felony.

In a September 2022 sentencing brief, the prosecution described Nnedum's current crimes:  The night of the burglary, Nnedum entered the victims' home around 3:00 a.m., where a six-year-old girl and her parents were sleeping.  Nnedum entered the girl's bedroom but ran out when she awoke.  The girl ran to her mother's room and said she had seen a man in her room.  The mother opened her bedroom door and saw Nnedum shuffling down the hallway toward the living room, where the father was sleeping.  The mother closed and locked her bedroom door.  Meanwhile, Nnedum stole a purse, a briefcase, headphones, and two electronic tablets.  Surveillance video footage showed Nnedum parking his car near the victims' home at around 2:00 a.m., getting out of his car and walking toward the home, and then returning to his car about an hour later and driving away.  Additional video showed Nnedum attempting to use the victims' credit cards later that morning.

The prosecution asked the court to decline to strike Nnedum's prior strike.  The prosecution argued the current crimes were dangerous in nature.  In addition, Nnedum's prior strike—also a first degree burglary committed while the victims were sleeping— was similar to his current crimes.  Further, although Nnedum currently claimed he

suffered from severe mental health conditions, he had recently told an evaluating psychologist that he did not suffer from any mental illness.

The prosecution also asked the court to impose the upper term on the principal count. According to the prosecution, under section 1170, subdivision (b) and based on evidence from the preliminary hearing, the trial court could consider the multiple aggravating factors related to the crime as set forth in California Rules of Court, rule 4.421(a)[2] as well as the following factors related to Nnedum's criminal history: (1) Nnedum's violent conduct indicates a serious danger to society (rule 4.421(b)(1)), (2) Nnedum's criminal history is numerous or of increasing seriousness (rule 4.421(b)(2)), (3) Nnedum was on probation at the time of the crime (rule 4.421(b)(4)), and (4) Nnedum had poor prior performance on probation (rule 4.421(b)(5)). The prosecution argued these aggravating circumstances outweighed the lone mitigating circumstance, namely, that Nnedum was younger than 26 years old at the time of the crime (rule 4.423(b)(6)). Alternatively, the prosecution asked the trial court to reject the plea and allow the prosecution to amend the information to include aggravating circumstances.

In briefing filed in March and April 2023, Nnedum asked the trial court to strike his prior strikes under *Romero*[3] and section 1385. Nnedum further argued the trial court could not sentence him to the upper term because he had never admitted any aggravating factors under section 1170, subdivision (b). Instead, Nnedum asked for probation, arguing he was youthful at the time of the crime and suffered from mental illness and childhood trauma.

---

[2]     Undesignated rule references are to the California Rules of Court.

[3]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

3

Nnedum included a report from a psychologist who had evaluated Nnedum in 2017 and again in 2021. According to the psychologist, when Nnedum was nine years old, he and his mother had left his father and immigrated from a village in Nigeria to the United States. Although Nnedum had done well in high school, he started abusing substances in college. In 2017, while he was intoxicated, Nnedum entered two separate occupied homes. The psychologist found in 2017 that Nnedum had limited intellectual capabilities and suffered from "Major Depression and Psychoactive Substance Abuse in a depressive, schizoid, and paranoid personality." Nnedum entered a plea deal for the 2017 crimes and was placed on probation with some jail time. After completing his jail term he worked as a dishwasher, but he had been homeless for about 18 months because his mother did not agree with his actions. Nnedum had been "doing a lot of drugs" and was drunk at the time of the current incident, which he did not remember. He was also on probation at the time. The psychologist opined that Nnedum was currently experiencing symptoms of a severe mental disorder consistent with schizophrenia and needed treatment.

In April 2023, defense counsel declared a doubt as to Nnedum's ability to stand trial. (§ 1367 et seq.) The trial court suspended criminal proceedings and appointed a psychologist to evaluate Nnedum.

The psychologist filed a report in April 2023 opining that, although Nnedum was not competent to stand trial, he might be malingering or exaggerating symptoms of mental illness. In a followup report the following month, the psychologist opined Nnedum was "most likely malingering" and "most likely capable of understanding the legal proceedings and to rationally collaborate with counsel in his defense."

In August 2023, the trial court appointed a second psychologist to evaluate Nnedum. In her September 2023 report, the second psychologist opined that Nnedum was not experiencing distress associated with mental illness and was competent to stand trial.

4

In October 2023, the trial court found Nnedum competent to stand trial and reinstated criminal proceedings.

In the November 2023 probation report, the probation officer recommended imposing the middle term on the principal count. The officer noted multiple circumstances in aggravation, including: (1) the victim was vulnerable (rule 4.421(a)(3)), (2) Nnedum's violent conduct indicated a serious danger to society (rule 4.421(b)(1)), (3) Nnedum's criminal history is numerous or of increasing seriousness (rule 4.421(b)(2)), (4) Nnedum was on probation at the time of the current offense (rule 4.421(b)(4)), and (5) Nnedum had poor prior performance on probation (rule 4.421(b)(5)). There were no circumstances in mitigation. The report further noted Nnedum continued to experience "significant depressive and substance abuse problems," with current testing indicating "his psychiatric challenges have accelerated to the point he is now experiencing psychotic symptoms."

In a November 2023 brief, Nnedum noted the prosecution's sentencing brief contained facts that were unproven and outside the record of conviction. Nnedum argued this was prejudicial and reminded the trial court that, under section 1170, it could not consider such facts when determining which term to impose. Nnedum also asked the trial court to strike the prosecution's brief, or at least the portions that stated facts that had not been proven pursuant to section 1170.

Nnedum further argued the low term was appropriate under section 1170, subdivision (b)(6) because Nnedum was remorseful, younger than 26 years old, and suffered from major untreated mental illness. For similar reasons, Nnedum also asked the court to strike the five-year prior serious felony enhancement.

During the November 2023 sentencing hearing, the trial court initially noted that section 1170 had changed since the information was filed in 2021, and the court would be sentencing Nnedum according to the current section 1170, subdivision (b). The prosecution submitted a certified "RAP" sheet and asked for the upper term on the

5

principal count based solely on the following aggravating circumstances: (1) Nnedum's violent conduct indicates a serious danger to society (rule 4.421(b)(1)), (2) Nnedum's criminal history is numerous or of increasing seriousness (rule 4.421(b)(2)), (3) Nnedum was on probation at the time of the crime (rule 4.421(b)(4)), and (4) Nnedum had previously performed poorly on probation (rule 4.421(b)(5)). In addition, although Nnedum asked for mitigation based on mental illness, one of the court-appointed psychologists had concluded that Nnedum was malingering.

Turning first to Nnedum's *Romero* motion, the trial court noted Nnedum had been placed on probation for his 2019 first degree burglary conviction but then committed the same crime within a short period of time. Because Nnedum had failed to show progress, the trial court declined to strike Nnedum's prior strike. The court struck the punishment for the prior serious felony enhancement due to Nnedum's youth and mental illness.

Turning to the term for the principal count, the trial court identified several mitigating factors, namely Nnedum's youth at the time of the crime and his untreated mental illness. However, the court was "very concern[ed]" because Nnedum said he had committed this offense to "gain attention." In addition, nothing in Nnedum's mental illness diagnosis explained why Nnedum had twice engaged in such a frightening crime. Based on the certified RAP sheet, Nnedum had poor performance on probation because he had been on probation at the time of the current crimes. And, even though he had been given probation for the 2019 first degree burglary conviction, "[h]is criminal actions [were] increasing and bold." Under the circumstances, the middle term was appropriate.

The trial court sentenced Nnedum to prison for an aggregate term of nine years four months, as follows: eight years (the middle term of four years doubled due to the prior strike) for the burglary count plus 16 months consecutive (one-third the middle term of two years, or eight months, doubled due to the prior strike) for the unlawful use of personal identifying information count. The court awarded 1,523 days of custody credit (1,325 actual days and 198 conduct credit days).

6

The court also imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (Pen. Code, § 1202.45), a $40 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)), a $30 criminal conviction assessment fee (Gov. Code, § 70373), and $1,090 in partial victim restitution (the court also reserved the right to impose additional victim restitution) (Pen. Code, § 1202.4, subd. (f)).

Nnedum did not seek a certificate of probable cause on appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Nnedum was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from Nnedum.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Nnedum.

## DISPOSITION

The judgment is affirmed.

> /s/
> EARL, P. J.

We concur:

/s/
DUARTE, J.

/s/
BOULWARE EURIE, J.